UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY R. PETROZZI,<br><br>        Plaintiff,<br>   v.<br><br>STATE OF WASHINGTON, et al.,<br><br>        Defendants. | CASE NO. C18-5502 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 25), Defendant Chris Van Veckten's ("Veckten") response (Dkt. 26), and Plaintiff Timothy Petrozzi's ("Petrozzi") clarification (Dkt. 30).

On August 23, 2018, Petrozzi filed a motion to withdraw his complaint and stay any and all procedures. Dkt. 22. Petrozzi also asserted that he would be responsible for fees that were incurred as part of this matter. *Id*. On August 29, 2018, Judge Christel issued an R&R recommending that the Court convert Petrozzi's motion to a motion to voluntarily withdraw his complaint and grant the motion. Dkt. 25. On August 29, 2018, Veckten responded to Petrozzi's motion requesting that the Court dismiss the complaint

with prejudice and award fees under Fed. R. Civ. P. 41(d). Dkt. 26. On September 20, 2018, Petrozzi filed a declaration clarifying his earlier statement that he takes responsibility only for the filing fees he incurred by requesting that the Court allow him to proceed *in forma pauperis*. Dkt. 30.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, the Court agrees with Judge Christel that Petrozzi's motion should be considered as a motion to voluntarily dismiss his complaint and be granted. A plaintiff may voluntarily dismiss his complaint at any time before the opposing party serves an answer. Fed. R. Civ. P. 41 (a)(1)(A)(i). Veckten has not served an answer. Thus, Petrozzi may voluntarily withdraw his complaint without any consequences, such as an award of fees. Veckten is correct that he may seek an award of fees if Petrozzi refiles his complaint. Fed. R. Civ. P. 41(d). This rule, however, does not provide authority to reward fees in anticipation of a second action. Moreover, the Court accepts Petrozzi's clarification that he accepts responsibility only for the filing fees. Therefore, the Court having considered the R&R, the parties' responses, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Petrozzi's motion to voluntarily dismiss (Dkt. 22) is **GRANTED**; and

(3) The Clerk shall strike Vecken's pending objections (Dkt. 11) and close this case.

Dated this 26th day of September, 2018.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge